UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

In re: Subpoenas to Paulo Shakarian and Jana Shakarian

Served in *Skysong Innovations, LLC v. Fortinet, Inc.*, Case No. 2:25-CV-0098-JRG (E.D. Tex.)

5:26-MC-0026 (MAD/ML)

---

APPEARANCES: OF COUNSEL:

DEBEVOISE & PLIMPTON LLP
Counsel for Fortinet, Inc.
66 Hudson Boulevard
New York, New York 10001

CHRISTOPHER ZHEG, ESQ.

CAHILL GORDON & REINDELL LLP
Counsel for Paulo and Jana Shakarian
32 Old Slip
New York, New York 10005

JAMES NONKES, ESQ.

MIROSLAV LOVRIC, United States Magistrate Judge

**MEMORANDUM-DECISION and ORDER**

On March 20, 2026, Fortinet, Inc. ("Fortinet"), issued subpoenas deuces tecum to non-parties Paulo Shakarian and Jana Shakarian ("the Subpoenas") in connection with an action pending in the United States District Court for the Eastern District of Texas captioned *Skysong Innovations, LLC v. Fortinet, Inc.*, No. 2:25-CV00098-JRG ("the Underlying Action"). (Dkt. No. 1.) Pursuant to Fed. R. Civ. P. 34 and 45, Fortinet commenced this miscellaneous action and moved to compel non-parties Paulo Shakarian and Jana Shakarian to comply with the Subpoenas. (*Id.*) For the reasons stated below, Fortinet's motion to compel is denied and the pending motions to seal are granted.

# I. RELEVANT BACKGROUND

## A. Procedural History

The Underlying Action is a patent infringement action in which Skysong Innovations, LLC ("Skysong") alleges that Fortinet infringed five patents including U.S. Patent Nos. 10,313,385 ("the 385 Patent"), 11,275,900 ("the 900 Patent"), and 11,892,897 ("the 897 Patent"). (Dkt. No. 1, Attach. 1 at 4.[1]) Paulo Shakarian is a named inventor on the 385 Patent, 900 Patent, and 897 Patent, and Jana Shakarian is a named inventor on the 385 Patent and the 897 Patent. (*Id.*)

The Shakarians worked together in an Arizona State University ("ASU") cybersecurity research lab where the purported inventions of the asserted patents were developed, and later co-founded a company that licensed some of the asserted patents. (Dkt. No. 1, Attach. 1 at 3.)

The Shakarians are represented by Cahill Gordon & Reindel LLP ("Cahill"), which also represents Skysong in the Underlying Action. (Dkt. No. 1, Attach. 1 at 3.)

## B. The Parties' Briefing on Fortinet's Motion

### 1. Fortinet's Motion to Compel

Generally, in support of its motion to compel, Fortinet asserts the following three arguments: (1) the withheld materials are discoverable under Rules 26 and 45, and there is no undue burden in producing materials already collected; (2) party discovery disputes do not excuse non-party subpoena compliance; and (3) the Shakarians' untimely objections were waived. (Dkt. No. 1, Attach. 1 at 8-12.)

---

[1] Page references to documents identified by docket number are to the page number assigned by the Court's CM/ECF electronic docketing system. All "Dkt. No." citations refer to the docket entries in this action (5:26-MC-0026 (MAD/ML)) and "Skysong Dkt. No." citations refer to docket entries in the Underlying Action.

More specifically, with respect to its first argument, Fortinet asserts that the Subpoenas seek key information that is discoverable because it is relevant to the issues in the Underlying Action. (Dkt. No. 1, Attach. 1 at 9.) Fortinet argues that materials concerning conception, reduction to practice, development, implementation, prosecution, inventorship, prior art, ownership of the asserted patents, and related communications are core discovery in a patent case. (*Id.*) Further, Fortinet argues that it seeks responsive, non-privileged materials already collected by two subpoenaed inventors in response to the Subpoenas and the principal burden has already been incurred because the Shakarians have already collected the responsive documents. (*Id*. at 9-10.)

With respect to its second argument, Fortinet asserts that the lack of an ESI order in place for party discovery in the Underlying Action does not provide a basis for non-parties to withhold email discovery. (Dkt. No. 1, Attach. 1 at 10.) Fortinet argues that an e-discovery order governing party discovery does not excuse the untimely production of emails responsive to a non-party subpoena. (*Id*. at 10-11.)

With respect to its third argument, Fortinet asserts that pursuant to Fed. R. Civ. P. 45, any written objections were to be served before the earlier of the compliance date or fourteen days after service of the Subpoena. (Dkt. No. 1, Attach. 1 at 12.) Fortinet argues that the Rule 45 objection deadline was April 3, 2026, but the Shakarians did not serve their objections until April 17, 2026. (*Id.*) Fortinet argues that thus, the Shakarians' objections were untimely and waived absent unusual circumstances or good cause. (*Id.*)

**2. Mr. and Ms. Shakarian's Response in Opposition**

Generally, in opposition to Fortinet's motion to compel, the Shakarians assert the following three arguments: (1) Fortinet has no basis for the productions of ESI because there is no ESI order in the Underlying Action and no order can be entered now as fact discovery has closed; (2) Fortinet's request is improper because it puts an undue burden on the Shakarians, would require the review of tens of thousands of documents, Fortinet has offered no proposal to limit the scope of that review, and the Shakarians lack access to many of the decade-old documents that Fortinet now seeks; and (3) the Shakarians timely objected to Fortinet's improper requests for ESI but Fortinet proceeded with discovery anyway and waited until the eleventh hour to file its motion. (Dkt. No. 12 at 11-18.)

More specifically, with respect to their first argument, the Shakarians argue that Skysong and Fortinet negotiated a Discovery Order in the Underlying Action, which provided that the parties separately negotiate a proposed order regarding ESI. (Dkt. No. 12 at 12-13.) The Shakaraians argue that no ESI order was ever entered in the Underlying Action, so discovery proceeded without the production of ESI. (*Id.*) Further, the Shakarians argue that the court in the Underlying Action explained that the discovery orders were to be governed by the court's sample orders which contained mandatory provisions, not subject to change without a showing of good cause. (*Id.*) The Shakarians argue that the court's sample order in the Underlying Action provided that ESI production requests under Fed. R. Civ. P. 45 shall not include e-mail or other forms of electronic correspondence. (*Id.*) Moreover, the Shakarians argue that Fortinet's request for ESI is improper under the sample order in the Underlying Action because it failed to propound a "specific e-mail production request" and never identified custodians, narrowly tailored search terms, or relevant time periods. (*Id.*)

With respect to their second argument, the Shakarians argue that in the alternative, Fortinet's request is improper because it unduly burdens them. (Dkt. No. 12 at 13-15.) The Shakarians argue that Fortinet's requested relief would have Paulo Shakarian review over 58,000 emails and Jana Shakarian review over 19,100 documents, which would be time-consuming and costly. (*Id.*) The Shakarians argue that Rule 45 subpoenas are not an end-run around the typical discovery process and special care must be paid to avoid burdening non-parties with discovery requests. (*Id.*)

With respect to their third argument, the Shakarians argue that because Fortinet never attempted personal service on them or Cahill, service was not achieved until Cahill confirmed that it would accept email service on April 7, 2026. (Dkt. No. 12 at 16.) The Shakarians argue that thus, they timely lodged objections to the subpoenas on April 17, 2026. (*Id.*) Further, the Shakarians argue that even if their objections were untimely, there was no waiver because the Subpoena is overbroad on its face and exceeds the bounds of fair discovery, the Shakarians are non-parties acting in good faith, and Cahill and Fortinet were in contact about the Shakarians' compliance with the subpoena before the Shakarians' April 17, 2026, response and objections. (*Id.* at 16-18.)

## II. LEGAL STANDARD GOVERNING A MOTION TO COMPEL PURSUANT TO FED. R. CIV. P. 45

Fed. R. Civ. P. 45 permits a party to command a non-party to "attend and testify; produce designated documents, electronically stored information, or tangible things in that person's possession, custody, or control, or permit the inspection of premises." Fed. R. Civ. P. 45(a)(1)(A)(iii). "Motions to compel compliance with Rule 45 subpoenas are governed by the relevancy and proportionality guidelines of Rule 26." *Delta Air Lines, Inc. v. Lightstone Group, LLC*, 21-MC-0374, 2021 WL 2117247, at *2 (S.D.N.Y. May 24, 2021). Thus, parties may obtain

discovery of "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). However, the issuing party "must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena." Fed. R. Civ. P. 45(d)(1). Motions to compel are "entrusted to the sound discretion of the district court." *In re Fitch, Inc*., 330 F.3d 104, 108 (2d Cir. 2003) (citation omitted).

## III. ANALYSIS

After carefully considering the matter, Fortinet's motion to compel is denied.

As the Shakarians set forth in their response in opposition, Fortinet is not entitled to the ESI productions that it seeks. (Dkt. No. 12 at 11-13.) More specifically, Fortinet and Skysong negotiated a Discovery Order pursuant to which, the parties in the Underlying Action agreed that they would "separately negotiate a proposed order regarding electronically stored information," (*Skysong* Dkt. No. 34 at 7 (the "Discovery Order")) but no such ESI order was ever entered so the Underlying Action proceeded without the production of ESI. (Dkt. No. 1, Attach. 1 at 3; Dkt. No. 12 at 12.)

United States District Judge Rodney Gilstrap is the assigned district judge in the Underlying Action. Before entering the Discovery Order, Judge Gilstrap explained to Fortinet and Skysong that discovery orders were governed by the court's sample orders. (*Skysong* Dkt. No. 8 at 1 ["The sample orders include provisions that are mandatory and are not subject to change without showing good cause."].)

The Model Order regarding E-Discovery in patent cases in E.D. Tex. states that "General ESI production requests under Federal Rules of Civil Procedure 34 and 45, . . . shall not include e-mail or other forms of electronic correspondence (collectively 'e-mail'). To obtain e-mail

parties must propound specific e-mail production requests." *See* Model Order Regarding E-Discovery, https://txed.uscourts.gov/sites/default/files/forms/E-Discovery_Patent_Order.pdf (last accessed October 23, 2026) (hereinafter, the "Sample Order") at ¶ 6. Pursuant to the Sample Order, any e-mail production requests must comply with several timing and substance requirements. Sample Order at ¶¶ 7-8.

To the extent that Fortinet argues that the Discovery Order is inapplicable to third parties because it does not cite Fed. R. Civ. P. 45 (Dkt. No. 1, Attach. 1 at 11), the Sample Order, which governs the Discovery Order clearly references Fed. R. Civ. P. 45. Sample Order at ¶ 6.

Further, Fortinet's requests to the Shakarians failed to identify custodians, narrowly tailored search terms, or relevant time periods, contrary to Fed. R. Civ. P. 45(d) which directs the party issuing the subpoena to "take reasonable steps to avoid imposing [an] undue burden or expense on a person subject to the subpoena." Indeed, Fed. R. Civ. P. 45(d)(2)(B)(ii) "specifically recognizes the need to protect non-parties from 'significant expense resulting from compliance' with a subpoena." *Cuomo v. New York State Assembly Judiciary Committee*, 683 F. Supp. 3d 258, 267 (E.D.N.Y. 2023) (quoting Fed. R. Civ. P. 45(d)(2)(B)(ii)); *see Athalonz v. Under Armour, Inc.*, 24-MC-0047, 2024 WL 1555685, at *3 (S.D.N.Y. Apr. 10, 2024) (noting that a subpoena poses an undue burden where, among other things, (1) the documents are available from other sources, (2) the party seeking the documents fails to describe with particularity which documents are sought, and (3) the documents are sought from a non-party).

As the Shakarians set forth, Fortinet failed to seek the documents it seeks from the parties to the litigation and Fortinet may not use Fed. R. Civ. P. 45 as an end-run around the typical discovery process. (Dkt. No. 12 at 13-15.)

As a result, Fortinet's motion to compel is denied.[2]

## IV. MOTIONS TO SEAL

Pursuant to N.D.N.Y. Local Rule 5.3, the motions to seal (Dkt. Nos. 2, 13, 14) are granted pursuant to the legal standard set forth in *Lugosch v. Pyramid Co. of Onondaga Cnty.*, 435 F.3d 110, 125-26 (2d Cir. 2006). The Court finds that such sealing is (1) essential to preserve values higher than a qualified First Amendment right of access to the material, and (2) narrowly tailored to serve that interest. More specifically, the Court finds that the parties and non-parties possess a strong privacy interest in the information set forth in their motions. Moreover, the Court finds that a word-by-word or even a page-by-page redaction is an unfeasible alternative.

**ACCORDINGLY**, it is

**ORDERED** that Fortinet's motion to compel (Dkt. No. 1) is **DENIED**; and it is further

**ORDERED** that the motions to seal (Dkt. Nos. 2, 13, 14) are **GRANTED**; and it is further

**ORDERED** that the Clerk of the Court shall file a copy of this memorandum-decision and order on the docket of this case and serve a copy upon the parties in accordance with the local rules.

Dated: October 26, 2026
Binghamton, New York

Miroslav Lovric
Miroslav Lovric
U.S. Magistrate Judge

---

2 In reaching this conclusion, the Court does not reach the parties arguments regarding whether the Shakarians' objections were timely.